BOUTALL, Judge.
A plaintiff sues her employer seeking Workmen’s Compensation benefits due to a work-related accident which occurred on August 11, 1979. The trial judge awarded the plaintiff Workmen’s Compensation benefits from the day of the accident until August 15, 1980. The defendant appeals arguing that the plaintiff is only entitled to receive benefits until March of 1980. We affirm.
Mrs. Neoma Pense incurred an injury to her lower back lifting a turkey while working for Winn-Dixie Louisiana, Inc. She filed suit contending that the pain in her lower back had slowly moved up her spine causing other complications and that as a result of her condition she was totally and permanently disabled. The trial judge heard all the evidence and stated in his reasons for judgment that her upper back condition was not in any way related to the accident in question. Accordingly, she was not entitled to receive compensation benefits after her lower back pain subsided. Nevertheless, the trial judge awarded her compensation benefits through August 15, 1980, despite hearing testimony which specified that her lower back pain had dissipated in March of 1980. This apparent contradiction in action and thought creates a situation which appellant believes justifies our reversal.
Our consideration of the record leads us to conclude that the plaintiff did indeed have some residual lower back pain and we *308 cannot say with any degree of certainty that she is not entitled to receive the total amount of compensation awarded. Dr. Frank Guidry testified that the complications which manifested in the upper back area could have possibly been caused by her already weakened condition. In addition, he testified that his records showed her suffering from back pain from the time of the injury until his last examination on January 15,1981. Mrs. Pense testified that the accident caused her a great deal of pain in the lower back and that within a few months the pain began to slowly move up her back. She testified that the pain felt like a tight knot which eventually manifested itself directly under her right shoulder blade sometime in January of 1980.
In his reasons for judgment, the trial judge determined that the lower back sprain from the accident was superimposed on an already imperfect back and that during 1980, she did have muscle spasms which moved up her back. From the record, this judgment appears to be justified and we do not find that the credibility decisions made by the trial judge are manifestly erroneous.
Accordingly, we affirm the lower court judgment awarding Workmen’s Compensation benefits to be paid to Mrs. Neoma Pense by Winn-Dixie Louisiana, Inc., until August 15, 1980.
AFFIRMED.